IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------

MARCUS J. (MARC) MATHEWS,

                Plaintiff,

     v.                          Civil Action No.
                                    5:04-CV-1206 (DEP)

BIG BEAR AMERICAN MADE CHOPPERS, INC.,

                Defendant.
---------------------------------------------------------------------

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF:

BOTTAR, LEONE LAW FIRM      ANTHONY S. BOTTAR, ESQ.
120 Madison Street
Suite 1600
AXA Tower II -16th Floor
Syracuse, New York 13202

FOR DEFENDANT BIG BEAR:

PETRONE, PETRONE LAW FIRM   DAVID H. WALSH, IV, ESQ.
1624 Genesee Street
Utica, New York 13502

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Following the entry of judgment in this action on August 5, 2009,

based upon a jury verdict returned on May 27, 2009, awarding plaintiff in damages and prejudgment interest as against defendant Big Bear American Made Choppers, Inc. ("Big Bear") in the sum of $457,557.05, Dkt. No. 276, plaintiff Marcus J. (Marc) Mathews has moved pursuant to Rule 59 of the Federal Rules of Civil Procedure for a new trial, limited to the issue of damages for pain and suffering, and for remittitur reducing the jury's apportionment of fault to Anorack/Anondize Rack, Inc. ("Anorack"), a settling defendant, from forty-five to zero percent, or, alternatively, a new trial limited to the issue of apportionment between Big Bear and Anorack.[1] Oral argument was conducted in connection with plaintiff's motion on September 16, 2009, at which time I issued a bench decision granting that portion of the motion addressing the question of damages for past and future pain and suffering, but reserving decision with regard to the apportionment issue. During a subsequent hearing conducted on October

---

[1] Although plaintiff seeks "remittitur" eliminating the jury's assignment of forty-five percent liability to Anorack, the granting of that motion, which the court has construed as seeking judgment as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure setting aside the jury's verdict, in part, would necessarily result in an increase of liability to defendant Big Bear beyond that percentage assigned by the jury and would therefore be tantamount to additur. "Additur is a practice by which a judge offers a defendant the choice between facing a retrial and accepting a damage award higher than that determined by the jury." *Liriano v. Hobart Corp.*, 170 F.3d 264, 272 (2d Cir. 1999). Even assuming its availability under Rule 50(b), and that a corresponding state court applying New York law could direct additur, because the practice of additur violates the Seventh Amendment right to a trial by jury, the court concludes that granting that relief here would be inappropriate. *Id.* at 272-73; *see also*, *Fox v. City University of New York*, 1999 WL 33875, at *11 (S.D.N.Y. Jan. 26,1999).

14, 2009, I also granted plaintiff's motion for a new trial on the question of apportionment of liability as between defendant Big Bear and the settling defendant, Anorack.

Based upon the foregoing, it is hereby

ORDERED as follows:

1) The portion of plaintiff's motion seeking a new trial on the issues of damages for pain and suffering and apportionment between Big Bear and Anorack, Dkt. No. 280, is GRANTED, and plaintiff's motion is otherwise DENIED;

2) The judgment entered in this case on August 5, 2009, Dkt. No. 279, is hereby VACATED, and a new judgment shall enter following the retrial of plaintiff's damage claim for pain and suffering and the apportionment question;

3) A jury trial on the issues referenced above will be held, tentatively to commence on January 11, 2010;

4) The clerk is directed to promptly forward copies of this order to the parties electronically, pursuant to the court's local rules.

*David E. Peebles*
U.S. Magistrate Judge

Dated: October 15, 2009
        Syracuse, NY